NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NORMA ANGELICA AREVALO-
MENDEZ, AKA Norma Angelina Arevalo-
Mendez,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.   16-73763

Agency No. A206-086-904

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred March 20, 2023
Administratively Closed June 6, 2023
Submitted May 7, 2025[**]
San Francisco, California

Before:  NGUYEN and HURWITZ, Circuit Judges.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Philip S. Gutierrez, former Chief United States
District Judge for the Central District of California, sat by designation prior to the
matter's administrative closure.  Judge Gutierrez is no longer available and did not
participate in the disposition.  The remaining judges have decided the matter as a
quorum pursuant to 28 U.S.C. § 46(d).

Norma Angelica Arevalo-Mendez ("Arevalo-Mendez") petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming an order of an immigration judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial evidence and its legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

The agency properly rejected Arevalo-Mendez's applications for asylum and withholding of removal.[1]  Substantial evidence supports the agency's finding that "Salvadoran women who were crime victims who had reported the crimes" was not defined with particularity nor a socially distinct group within Salvadoran society. Moreover, there is no nexus between the threats Arevalo-Mendez received from a former neighbor who swindled her and a protected ground. Fear of general conditions of criminal violence is not a cognizable ground for asylum. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("A[] [noncitizen]'s desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) ("For both asylum and withholding

---

[1] The agency also denied Arevalo-Mendez's CAT claim, but she does not challenge that determination on appeal.

claims, a petitioner must prove a causal nexus . . . .").

**PETITION DENIED.**